UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELIZABETH LYNCH, SIMON LYNCH, ERIC LYNCH,
INFANTS, UNDER THE AGE OF 14, BY THEIR MOTHER
AND NATURAL GUARDIAN JESSICA LYNCH
AND JESSICA LYNCH INDIVIDUALLY AND
RICARDO LYNCH

                                                    Index No.
            Plaintiff(s),

            -against-

CITY OF MOUNT VERNON, THE MOUNT VERNON       08 CIV 0080
POLICE DEPARTMENT and POLICE OFFICERS
"JOHN DOE", "RICHARD ROE", fictitious names, true names
unknown,
            Defendant(s).
----------------------------------------------------------------X

**DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. 1441 *et. seq.* and Local Rule 8 1.1(b), defendants, CITY OF MOUNT VERNON, THE MOUNT VERNON POLICE DEPARTMENT and POLICE OFFICERS "JOHN DOE", "RICHARD ROE", fictitious names, true names Unknown ("Defendants") hereby give notice of the removal of a civil action entitled:

ELIZABETH LYNCH, SIMON LYNCH, ERIC LYNCH,
INFANTS, UNDER THE AGE OF 14, BY THEIR MOTHER
AND NATURAL GUARDIAN JESSICA LYNCH
AND JESSICA LYNCH INDIVIDUALLY AND
RICARDO LYNCH,
            Plaintiff(s)

            -against-

CITY OF MOUNT VERNON, THE MOUNT VERNON
POLICE DEPARTMENT and POLICE OFFICERS
"JOHN DOE", "RICHARD ROE", fictitious names, true names
unknown,
            Defendant(s).

from the Supreme Court of the State of New York, County of Westchester, index No. 25215-07 to the United States District Court for the Southern District of New York.

The grounds for removal are that the instant matter raises questions of Federal constitutional law.

As alleged in the Plaintiff's Complaint filed in State Court, a copy of which is attached as Exhibit "A", the Plaintiff has asserted among other things, that the Defendants conspired to undertake a course of conduct to injure, oppress, threaten and intimidate her, used unreasonable, excessive force and cruel and unusual punishment in violation of her federal civil rights. Specifically, Plaintiffs expressly alleges that her rights were violated as a result of the deprivation, under the color of rights guaranteed by the First, Fourth, Ninth and Fourteenth Amendments of the Constitution. As such, jurisdiction lies in Federal Court for claims arising under 42 USC § 1983, removal is proper.

The removal of the action from State Court is timely. The instant proceeding was filed with the Clerk of the Supreme Court, Westchester County, on December 5, 2007 and served on the City on December 19, 2007. Thus, the City hereby makes the instant removal request on within the twentieth day of such filing and receipt of the Summons and Complaint.

No jury demand was made in the State Court prior to removal.

A copy of the Summons and Verified Petition-Complaint is appended to this Notice of Removal.

Pursuant to Local Rule 81.1(b), within twenty days after the service of this Notice of Removal the defendants will file a copy of all records and Proceedings of the State Court with the clerk of this Court,

Dated: January 4, 2008
Mount Vernon, New York

Yours, etc.,

Office of the Corporation Counsel
Attorney for Defendant
The City of Mount Vernon
Office and PO Address
One Roosevelt Square
Mount Vernon, New York 10550

By: NICHELLE A. JOHNSON NAJ7688

To:
DELL & LITTLE LLP
1274 REXCORP PLAZA
UNIONDALE, NY 11556
Attorneys For Plaintiffs
(516) 294-5814

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------X
ELIZABETH LYNCH, SIMON LYNCH, ERIC LYNCH, Infants, under the age of 14, by their mother and natural guardian JESSICA LYNCH and JESSICA LYNCH Individually and RICARDO LYNCH,

                Plaintiff(s),

          -against-

CITY OF MOUNT VERNON, THE MOUNT VERNON POLICE DEPARTMENT and POLICE OFFICERS "JOHN DOE", "RICHARD ROE", fictitious names, true names unknown,

                Defendant(s).
----------------------------------------------------------------X

Index No.:

Plaintiff designates Westchester County as the place of trial.

The basis of venue is:
Place of Occurrence

## SUMMONS

Plaintiffs reside at:
58 South 14th Avenue
Mt. Vernon, New York
10550

County of Westchester

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    Uniondale, NY
         12-5-07

DELL & LITTLE, LLP
Attorneys for Plaintiff(s)
By:_____
JOSEPH G. DELL
1274 RexCorp Plaza
Uniondale, NY 11556
(516) 294-5814

TO:    CITY OF MOUNT VERNON
        Room 104

City Hall
One Roosevelt Square
Mt. Vernon, New York 10550

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------X
ELIZABETH LYNCH, SIMON LYNCH, ERIC LYNCH,　　　　Index No.:
Infants, under the age of 14, by their mother and natural
guardian JESSICA LYNCH and JESSICA LYNCH　　　　**VERIFIED COMPLAINT**
Individually and RICARDO LYNCH,

        Plaintiff(s),

    -against-

CITY OF MOUNT VERNON , THE MOUNT VERNON
POLICE DEPARTMENT and POLICE OFFICERS
"JOHN DOE", "RICHARD ROE", fictitious names, true
names unknown,

        Defendant(s).

----------------------------------------------------------------X

Plaintiffs, by their attorneys, **DELL & LITTLE, LLP**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1. At all times herein mentioned, Plaintiffs were, at the time of the incident, residents of the County of Westchester, State of New York.

2. That on December 15, 2006, and at all times mentioned herein, Defendant **CITY OF MOUNT VERNON** was and is a municipal corporation duly organized and existing under and by virtue of the laws of the City and State of New York.

3. That on December 15, 2006, and at all times mentioned herein, Defendant **CITY**

**OF MOUNT VERNON POLICE DEPARTMENT** was and is a municipal corporation or other legal entity duly organized and existing under and by virtue of the General Municipal Laws of the City and State of New York.

4.  That prior hereto, on January 10, 2007, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiffs' demands for adjustment thereof was duly served on the Plaintiffs' behalf on the Defendants and that thereafter said Defendants refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

5.  That pursuant to General Municipal Law 50(h), a hearing has not been held.

6.  That this action is being commenced within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

7   That on December 15, 2006, and at all times mentioned herein, there existed a premises located at 58 South 14th Avenue, Mt. Vernon, County of Westchester, State of New York, wherein the Plaintiffs resided.

8.  That on, December 15, 2006 and at all times mentioned herein, Defendant **CITY OF MOUNT VERNON POLICE DEPARTMENT** was acting as an agent of the **CITY OF MOUNT VERNON.**

9.  That on, December 15, 2006 the Plaintiffs **ELIZABETH LYNCH, SIMON LYNCH, ERIC LYNCH,** Infants, **JESSICA LYNCH** and **RICARDO LYNCH,** were lawfully present in their residence at the aforementioned premises.

2

10. That on December 15, 2006, while Plaintiffs were lawfully present at the aforesaid location, they was caused to be severely injured and traumatized when members of the **CITY OF MOUNT VERNON POLICE DEPARTMENT** physically assaulted, racially discriminated against, falsely arrested and detained Plaintiffs after breaking down their apartment doors and ransacking their residence.

11. At all times hereinafter mentioned, Defendants, were under the duty to train, supervise, control and employ their employees in a reasonably prudent and careful manner and that the Defendants had a duty to protect and keep safe all persons and the defendants breached that duty by participating and assisting in the negligent, reckless, careless and intentional, harmful, offensive contact with the person of the Plaintiffs; in assaulting, racially discriminated against and falsely arresting and detaining Plaintiffs, in failing to prevent the activities that caused Plaintiffs to be assaulted, arrested and detained; and in participating and assisting in the negligent, reckless, careless and intentional, harmful, offensive contact with the persons of the Plaintiffs and their place of residence.

12. That the incidents and damages alleged in this action resulted from the negligence and carelessness of the Defendants, in the training, supervision, and management of the police officers under their control at the time of the incident.

13. That the aforementioned incident was wrongful, unjustifiable and unlawful and without any fault or negligence on the part of the Plaintiffs.

14. That as a result of the foregoing, Plaintiffs were caused serious and catastrophic personal and traumatic injuries and have been otherwise injured.

15. That the aforesaid occurrence, and the results thereof, were in no way caused by

any carelessness or negligence on the part of the Plaintiffs, but were due solely and wholly to the joint, several and/or concurrent negligence of the Defendants, their agents, servants, employees and/or licensees in wrongfully and unlawfully causing, allowing and/or permitting said assault on the Plaintiffs; and in being otherwise careless, reckless and negligent.

16. That Defendants were careless, reckless and grossly negligent in the operation, management, maintenance, supervision, use and control of the aforesaid police officer and the Defendants were otherwise negligent, careless, reckless, negligent and grossly negligent in the premises.

17. That as a result of the foregoing, the Plaintiffs were caused to sustain severe and permanent injuries, have suffered and will continue to suffer great pain, shock, trauma and mental anguish, have incurred, and will continue to incur, expenses for medical care and treatment, and was, and will continue to be, unable to attend to their normal duties and pursuits with a resultant loss thereby.

18. By reason of the foregoing, Plaintiff have been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

## AS AND FOR A SECOND CAUSE OF ACTION
## AS TO 42 U.S.C. §1983 CONSPIRACY

19. Paragraphs 1 through 18 are incorporated by reference as through fully set forth.

20. The individual Defendants, under color of law, conspired with each other, reached a mutual understanding, and acted to undertake a course of conduct to injure, oppress, threaten and intimidate Plaintiffs in the free exercise and enjoyment of the rights and privileges and equal

4

protection of the law secured to them by the Constitution, including the rights: to be free from the intentional use of unreasonable force; to be free from cruel and unusual punishment as one in the custody of the Defendants; to have access to and seek redress in the Courts; and to be free from the delay and denial of medical attention; to be free from unnecessary and wanton infliction of pain; and to not be deprived of life without due process of law.

21. It was part of the conspiracy that the Defendant **CITY OF MOUNT VERNON** aided by the Defendant, **CITY OF MOUNT VERNON POLICE DEPARTMENT**, did, among other acts, physically abuse the Plaintiffs, causing serious, traumatic injuries.

22. As a direct and proximate result, Plaintiffs suffered the traumatic injuries and damages described above.

### AS AND FOR A THIRD CAUSE OF ACTION
### AS TO 42 U.S.C. §1983 UNREASONABLE & EXCESSIVE FORCE & CRUEL & UNUSUAL PUNISHMENT

23. Paragraphs 1 through 22 are incorporated by reference as through fully set forth.

24. By their conduct, Defendants' deputies and non-uniform personnel and supervisory personnel, under color of law, deprived Plaintiffs of their constitutional right to be free from excessive and unreasonable force.

25. By their conduct and under color of law, Defendants' deputies and non-uniform personnel and supervisory and supervisory personnel, deprived Plaintiffs of their constitutional right to be free from cruel and unusual punishment as persons in their custody.

26. As a direct and proximate result, Plaintiffs suffered the traumatic injuries and

damages described above.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AS TO 42 U.S.C. §1983 FIRST, FOURTH, FIFTH, NINTH, FOURTEENTH AMENDMENTS & PRIVACY VIOLATIONS

27. Paragraphs 1 through 26 are incorporated by reference as through fully set forth.

28. By their conduct and under color of law, Defendants' deputies and non-uniform personnel and supervisory and supervisory personnel, deprived Plaintiffs of their First, Amendment right to have access to and seek redress in the courts.

29. The Defendants' conduct interfered with the federally protected liberty and privacy interest of the Plaintiffs to maintain a stable family relationship free of intervention from the State.

30. As a direct and proximate result, Plaintiffs suffered the traumatic injuries and damages described above.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AS TO 42 U.S.C. §1983 - MONELL CLAIM

31. Paragraphs 1 through 30 are incorporated by reference as through fully set forth.

32. Prior to December 15, 2006, Defendants, **CITY OF MOUNT VERNON POLICE DEPARTMENT** and **CITY OF MOUNT VERNON**, developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of Plaintiffs' rights.

33. Prior to December 15, 2006, Defendants, **CITY OF MOUNT VERNON POLICE**

DEPARTMENT and **CITY OF MOUNT VERNON**, maintained polices and procedures that encouraged the practice of using excessive force.

34. The Defendants, **CITY OF MOUNT VERNON POLICE DEPARTMENT** and **CITY OF MOUNT VERNON**, have been deliberately indifferent to the need for more or different training, rules and regulations to prevent the use of excessive force.

35. Acts of excessive force against Plaintiffs in Defendants' care and custody were tolerated by the Defendants who substantially failed to investigate, deliberate and discipline appropriately personnel who engaged in such conduct.

36. The Defendants, prior to and at the time of this incident, were aware of the need for more or different training, rules, regulations, investigation and discipline relating to Defendants' deputies and non-uniform personnel and supervisors.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AS TO PENDENT CLAIM FOR GROSS NEGLIGENCE & NEGLIGENCE

37. Paragraphs 1 through 36 are incorporated by reference as through fully set forth.

38. By reason of the foregoing, Defendants are liable to Plaintiffs for negligent and grossly negligent screening, hiring, training, discipline and retention of Defendants' deputies and non-uniform personnel and supervisory personnel.

39. As a consequence, Plaintiffs suffered damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AS TO PENDENT CLAIMS OF INTENTIONAL & NEGLIGENT
## INFLICTION OF EMOTIONAL DISTRESS

40.  Paragraphs 1 through 39 are incorporated by reference as through fully set forth.

41.  By causing Plaintiffs to suffer severe and serious physical and mental injuries, Defendants' deputies and non-uniform personnel and supervisory personnel, embarked on a malicious, willful and grossly negligent course of conduct intended to cause Plaintiffs to suffer extreme mental and emotional distress, agony and anxiety.

42.  The aforesaid acts of intentional and reckless infliction of emotional and mental distress by Defendants constitute misconduct of an egregious nature that exceeds all bounds usually tolerated by a civilized society.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## AS TO PENDENT CLAIM OF PRIMA FACIE TORT

43.  Paragraphs 1 through 42 are incorporated by reference as through fully set forth.

44.  By their actions, et forth above, Defendants' deputies and non-uniform personnel and supervisory personnel, inflicted harm upon Plaintiffs without excuse or justification, out of disinterested malevolence.

**WHEREFORE**, Plaintiffs pray for judgment against the defendants on all Causes of Action in amounts which exceed the jurisdictional limits of all lower courts which would otherwise have

jurisdiction herein, together with the costs and disbursements of this action.

Dated: Uniondale, New York
_12-5-_, 2007

Yours, etc.,

DELL & LITTLE, LLP
Attorneys for Plaintiff(s)
By:_____
JOSEPH G. DELL
1274 RexCorp Plaza
Uniondale, NY 11556
(516) 294-5814

9

## ATTORNEY'S VERIFICATION

JOSEPH G. DELL, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at **DELL & LITTLE, LLP**, attorneys of record for Plaintiff(s),

I have read the annexed

## COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the plaintiff(s) maintain their offices.

DATED:   Uniondale, NY
         12-5-    , 2007

_____
JOSEPH G. DELL

10

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

ELIZABETH LYNCH, ERIC LYNCH, and SIMON
LYNCH, infants under the age of 14 years by their
mother and natural guardian, JESSICA LYNCH,
JESSICA LYNCH and RICARDO LYNCH,

                Plaintiffs,
    - against -

CITY OF MOUNT VERNON, THE MOUNT VERNON
POLICE DEPARTMENT and POLICE OFFICERS
"JOHN DOE", "RICHARD ROE", fictitious names, true names unknown,

        Defendant(s).

---

### SUMMONS & COMPLAINT

---

### DELL & LITTLE, LLP
*Attorneys for Plaintiff(s)*
1274 RexCorp Plaza
Uniondale, New York 11556
(516) 294-5814

---

TO:

STATE OF NEW YORK, COUNTY OF WESTCHESTER
CITY OF MOUNT VERNON           ss.:

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and

☐ Certification by Attorney — certify that the annexed
has been compared by me with the original and found to be a true and complete copy thereof.

☐ Attorney's Affirmation — say that: I am the attorney of record or of counsel with the attorney(s) of record, for
                    I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters
therein which are stated to be alleged on information and belief, and as to those matters
I believe them to be true. My belief, as to those matters therein not stated upon knowledge,
is based upon the following:

The reason I make this affirmation instead of                    is

I affirm that the foregoing statements are true under penalties of perjury.

Dated:
                                        _____
                                        (The name signed must be printed beneath)
                                        **NICHELLE A. JOHNSON**

STATE OF NEW YORK, COUNTY OF WESTCHESTER
CITY OF MOUNT VERNON           ss.:
                                    being sworn says  I am

☐ Individual Verification — in the action herein; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters
therein which are stated to be alleged on information and belief, and as to those matters I believe
them to be true.

■ Corporate Verification — the           of the City of Mount Vernon a municipal corporation, one of the parties to the
action; I have read the annexed **DEFENDANTS' NOTICE OF REMOVAL**

know the contents thereof and the same are true to my
knowledge, except those matters therein which are stated to be alleged on information
and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following: - Information, records and documents in the possession of officials, Boards, or Departments of the City of Mount Vernon, and from conversations had with said officials.

Sworn before me on January 4, 2008
                                        _____
                                        **NICHELLE A. JOHNSON**

STATE OF NEW YORK, COUNTY OF WESTCHESTER
CITY OF MOUNT VERNON           ss.:

        Cherylnn G. Puma being sworn says: I am not a party to the action, am over 18 years of age and reside at Mount Vernon, New York

■ Service By Mail — January 4, 2008 I served a true copy of the annexed **DEFENDANTS' NOTICE OF REMOVAL**
in the following manner:
by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or
official depository of the U.S. Postal Service within the State of New York, addressed to the
last known address of the addressee(s) as indicated below:

☐ Personal Service — by delivering the same personally to the person and at the addresses indicated below:

**To:**

**DELL & LITTLE, LLP.**
JOSEPH G. DELL, ESQ.,
Attorney for Plaintiff
1274 RexCorp Plaza
Uniondale, New York 11556
(516) 294-5814

Sworn to before me January 4, 2008
                                        _____
                                        Cherylnn G. Puma

NICHELLE JOHNSON
Notary Public, State of New York
No. 02JO6015226
Qualified in Westchester County
Commission Expires October 20, 20__

17