```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ELIZABETH LYNCH, SIMON LYNCH, ERIC LYNCH,
Infants, under the age of 14, by their mother and natural
guardian, JESSICA LYNCH, and JESSICA LYNCH,
Individually and RICARDO LYNCH,                                             Docket No. 08 CV 00080

                                    Plaintiffs,

        -against-

CITY OF MOUNT VERNON, THE MOUNT VERNON
POLICE DEPARTMENT and POLICE OFFICERS
"JOHN DOE", "RICHARD ROE", fictitious names,
true names unknown,

                                    Defendants.
------------------------------------------------------------------------X
ROSLEE HAMILTON, an infant under the age of 14 years
by her father and natural guardian, FABIAN McCALLA,
and FABIAN McCALLA,                                                         Docket No. 08 CV 00083

                                    Plaintiffs,

        -against-

CITY OF MOUNT VERNON, THE MOUNT VERNON
POLICE DEPARTMENT and POLICE OFFICERS
"JOHN DOE", "RICHARD ROE", fictitious names,
true names unknown,

                                    Defendants.
------------------------------------------------------------------------X
```

# MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

Page:

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

**PRELIMINARY STATEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A. The Warrant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      B. The Execution of the Warrant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      **POINT I.**     **THE LEGAL STANDARDS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

                       A. The Standard for Judgment on the Pleadings . . . . . . . . . . . . . . . . . 5
                       B. The Standard for Summary Judgment . . . . . . . . . . . . . . . . . . . . . . 5

      **POINT II.**    **THE SEARCH WARRANT ISSUED HEREIN
                        WAS INVALID** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      **POINT III.**   **THE DEFENDANTS ARE NOT ENTITLED
                        TO QUALIFIED IMMUNITY DUE TO THE
                        FACT THAT THE SEARCH WARRANT
                        ISSUED HEREIN WAS INVALID** . . . . . . . . . . . . . . . . . . . . . . . . . 10

      **POINT IV.**   **THE DEFENDANTS ACTIONS CONSTITUTED
                        UNREASONABLE AND EXCESSIVE FORCE
                        IN VIOLATION OF THE PLAINTIFFS'
                        CONSTITUTIONAL RIGHTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      **POINT V.**    **THE CITY OF MOUNT VERNON IS NOT
                       ENTITLED TO SUMMARY JUDGMENT AND
                       PLAINTIFFS' STATE LAW CLAIMS ARE
                       VIABLE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

*Am. Cas. Co. v. Nordic Leasing, Inc.,* 42 F.3d 725 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . 6
*Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) . . . . . . . . . . . . 11
*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) . . . . . . . 6
*Birthwright v. The City of New York,* – F.Supp.2d –, 2005 WL 2179072 (S.D.N.Y. 2005) . . . . . 9
*Boddie v. Schnieder,* 105 F.3d 857 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
*Bolden v. Village of Monticello,* 344 F.Supp.2d 407 (S.D.N.Y. 2004) . . . . . . . . . . . . . . 8, 10, 12
*Bruno v. Toyotomi U.S.A., Inc.,* 203 F.R.D. 77 (N.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 6
*Castle Rock Entm't, Inc. v. Carol Pulb'g Group,* 150 F.3d 132 (2d Cir. 1998) . . . . . . . . . . . . . 6
*Illinois v. Rodriguez,* 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990) . . . . . . . . . . . . . . 8
*Jeffreys v. City of New York,* – F.Supp. 2d –, 2000 WL 1459845 (S.D.N.Y. 2000) . . . . . . . . . . 5
*Lewis v. The City of Mount Vernon and Mount Vernon Police Department,*
      984 F.Supp. 748 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
*Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) . . . . . . . . . . . . . . . . . 11
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348,
      89 L.Ed.2d 538 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
*Mitchell v. Shane,* 350 F.3d 39 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
*Monell v. Department of Social Services of New York,* 436 U.S.658, 98 S.Ct. 2018,
      56 L.Ed.2d 611 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
*Payton v. New York,* 445 U.S. 573 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12
*R.B. Ventures, Ltd. v. Shane,* 112 F.3d 54 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
*Rincon v. The City of New York,* – F.Supp –, 2005 WL 646080 (S.D.N.Y. 2005) . . . . . . . . . . . 7
*Sheppard v. Beerman,* 18 F.3d. 147 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
*United States v. United States District Court for the Eastern District of Michigan,*
      *Southern Division,* 407 U.S. 297, 315 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Constitution:

U.S. Const. amend. IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Statutes:

Fed.R.Civ.P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Fed.R.Civ.P. 12(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 5
Fed.R.Civ.P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 5
Local Rule 56.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**PRELIMINARY STATEMENT**

The instant matter is before the Court on the application of the Defendants, CITY OF MOUNT VERNON, THE MOUNT VERNON POLICE DEPARTMENT and POLICE OFFICERS "JOHN DOE", "RICHARD ROE", fictitious names, true names unknown (hereinafter "Defendants", collectively), for an Order, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, granting said Defendants judgment on the pleadings and/or alternatively, pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting said Defendants summary judgment, dismissing the Plaintiffs' Complaints.[1]  Since genuine issues of material fact do in fact exist regarding the Defendants' qualified immunity and the violation of Plaintiffs' constitutional rights, summary judgment in favor of the Defendants should be denied.

The crux of the Plaintiffs' Complaints focuses on injuries sustained by the Plaintiffs, ELIZABETH LYNCH, SIMON LYNCH, ERIC LYNCH, Infants, under the age of 14, by their mother and natural guardian, JESSICA LYNCH, and JESSICA LYNCH, Individually and RICARDO LYNCH and ROSLEE HAMILTON, an infant under the age of 14 years by her father and natural guardian, FABIAN McCALLA, and FABIAN McCALLA (hereinafter "Plaintiffs", collectively), on or about December 15, 2006 at approximately 5:00 a.m. at the residence occupied by the Plaintiffs located at 58 South 14th Avenue, Mount Vernon, County of Westchester, State of New York (hereinafter referred to as the "residence").  Specifically, as the Plaintiffs were sleeping within the residence, members of the Mount Vernon Police Department forcibly entered the

---

[1] As the Defendants have submitted a "joint motion" herein for the matters entitled LYNCH *et al* v. CITY OF MOUNT VERNON *et al* under Docket Number 08 CV 00080 and HAMILTON *et al* v. CITY OF MOUNT VERNON *et al* under Docket Number 08 CV 00083, the Plaintiffs are responding to such "joint motion" in its entirety herein.

-1-

residence, handcuffed the adult males therein, held both children and adults in abeyance at gunpoint and ransacked and destroyed property within the residence.

Despite the Defendants' characterization of the evidence, they are not entitled to summary judgment because there are triable issues of fact regarding the validity of the search warrant issued, the reasonableness of the Defendants' conduct and qualified immunity that must be resolved at a plenary trial. Therefore, for this reason and the reasons stated herein, the Defendants' application should be denied in its entirety.

## STATEMENT OF FACTS[2]

**A.    The Warrant**

On or about the 14th day of December, 2006, P.O. Smith #2085 of the Mount Vernon Police Department prepared and caused to be filed an Affidavit for a search warrant for the premises known as 131 Vista Place, 3rd Floor and a person named "Ghetto" therein and the residence of the Plaintiffs herein, to wit, 58 South 14th Avenue, Mount Vernon, County of Westchester, State of New York and a person named "J" therein. (*See,* Johnson Memorandum, Exhibit "C").[3] P.O. Smith was attempting to secure evidence of a violation of New York Penal Law Sections 221.00 and 265.00. (*See,* Johnson Memorandum, Exhibit "C"). The source and information of Officer Smith's beliefs were solely the

---

[2] Although the Defendants have consented that the underlying motion brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure be converted to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in the discretion of this Court, the Defendants have not submitted a Statement of Undisputed Facts pursuant to Rule 56.1 of the Local Rules of this Court. As such, the Plaintiffs herein are submitting a Statement of Facts with corresponding record citations rather than a Counter Statement of Undisputed Facts.

[3] References to Exhibits annexed to the Memorandum of Law of Nichelle A. Johnson, Esq., of Helen M. Blackwood, Esq., Corporation Counsel, attorneys for the Defendants, and submitted in support of the underlying motion shall hereinafter be referred to as ("Johnson Memorandum, Exhibit "__" or "Johnson Memorandum, Exhibit "__" at page "__").

-2-

information received from *one* Confidential Informant. (*See,* Johnson Memorandum, Exhibit "C"). Officer Smith attested that on December 13, 2006, in the evening hours, the Confidential Informant was arrested on an unrelated charge. (*See,* Johnson Memorandum, Exhibit "C"). The Confidential Informant, while in custody, told Officer Smith that while the Confidential Informant was with "Ghetto" on December 8, 2006, in the evening hours, both individuals went to the residence at 58 South 14th Avenue to purchase marijuana. (*See,* Johnson Memorandum, Exhibit "C"). According to the Confidential Informant, while in the aforementioned residence, he purchased thirty dollars worth of marijuana from a black male about 5'6" in height going by the name of "J". (*See,* Johnson Memorandum, Exhibit "C"). The Confidential Informant also disclosed that while in the residence, he observed two loaded handguns set on the living room coffee table. (*See,* Johnson Memorandum, Exhibit "C").

Based upon the foregoing information, the Honorable Brenda Dowery-Rodriguez ordered a "no-knock" search warrant for the residence located at 58 South 14th Avenue based upon the information provided in an affidavit of one "Detective Christopher DiMase #168". (*See,* Johnson Memorandum, Exhibit "D").

**B.      The Execution of the Warrant**

Thereafter, on or about December 15, 2006, at approximately 5:00 a.m., members of the Mount Vernon Police Department forcibly entered the residence located at 58 South 14th Avenue, Mount Vernon, County of Westchester, State of New York. (*See,* Johnson Memorandum, Exhibit "B"). At the time of the incident, Plaintiff, Jessica Lynch, resided in the basement of the residence with her four children, Plaintiffs, Ricardo Lynch, Simon Lynch, Eric Lynch and Elizabeth Lynch. (*See,* Johnson Memorandum, Exhibit "E" at page 8). While Ms. Lynch was sleeping, she heard a

running sound, saw her door coming in and viewed five to six officers of the Mount Vernon police department with guns blazing. (*See,* Johnson Memorandum, Exhibit "E" at pages 12-13). The officers had their guns drawn on the Plaintiff, JESSICA LYNCH, and her children. (*See,* Johnson Memorandum, Exhibit "E" at page 13). Plaintiff, RICARDO LYNCH, was handcuffed by officers. (*See,* Johnson Memorandum, Exhibit "E" at page 14). The children sat shaking (*see,* Johnson Memorandum, Exhibit "E" at page 15), while officers ransacked the place, breaking the door off, breaking the bed and removing everything from dresser drawers. (*See,* Johnson Memorandum, Exhibit "E" at page 22).

Plaintiff, FABIAN McCALLA, was within the first floor at the residence sleeping on December 15, 2006 at approximately 5:00 a.m when he heard doors bursting down and saw guns. (*See,* Johnson Memorandum, Exhibit "F" at page 8). Approximately six or seven officers from the Mount Vernon Police Department came in, waiving guns, and handcuffed Mr. McCalla to the bed as they began searching the place. (*See,* Johnson Memorandum, Exhibit "F" at page 8). The officers were present in the residence for approximately three hours. (*See,* Johnson Memorandum, Exhibit "F" at page 10). At one point, Mr. McCalla complained that his handcuffs were too tight. (*See,* Johnson Memorandum, Exhibit "F" at page 12). In response, an officer made the handcuffs tighter. (*See,* Johnson Memorandum, Exhibit "F" at page 12). Several closet doors and entrance doors were damaged as a result of the officers breaking in. (*See,* Johnson Memorandum, Exhibit "F" at page 15).

Due to the aforementioned activity, the Plaintiffs were required to expend Seven Thousand Five Hundred Dollars and 00/100 to repair the damages caused by members of the Mount Vernon Police Department. (*See,* Exhibit "A" annexed to the Declaration of Jennifer J. Bock submitted

simultaneously herewith).

## ARGUMENT

## POINT I

## THE LEGAL STANDARDS

### A. The Standard for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." *See,* Fed.R.Civ.P. 12(c). "The standard to be applied to a motion for judgment on the pleadings is the same as a motion to dismiss under FRCP 12(b)(6)." *Jeffreys v. City of New York,* – F.Supp. 2d –, 2000 WL 1459845, *2 (S.D.N.Y. 2000) (*citing Sheppard v. Beerman,* 18 F.3d. 147, 150 (2d Cir. 1994)). "Under that test, a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id* at *2.

"In order to survive dismissal, a plaintiff must assert a cognizable claim and allege facts that, if true, would support such a claim." *Id.* at *2 (*citing Boddie v. Schnieder,* 105 F.3d 857, 860 (2d Cir. 1997)). "This standard is applied with particular strictness when the plaintiff complains of a civil rights violation." *Id.* at *2.

### B. The Standard for Summary Judgment

Summary judgment may not be granted unless the submissions of the parties taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See,* Fed.R.Civ.P. 56(c). The moving party bears the burden of

demonstrating the absence of a material factual question, and in making this determination the Court must view all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Castle Rock Entm't, Inc. v. Carol Pulb'g Group,* 150 F.3d 132, 137 (2d Cir. 1998).

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law." *R.B. Ventures, Ltd. v. Shane,* 112 F.3d 54, 57 (2d Cir. 1997). In reviewing the record, the district court must assess the evidence in "the light most favorable to the non-moving party," resolve all ambiguities, and "draw all reasonable inferences" in its favor. *Am. Cas. Co. v. Nordic Leasing, Inc.,* 42 F.3d 725, 728 (2d Cir. 1994). "A fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Mitchell v. Shane,* 350 F.3d 39, 47 (2d Cir. 2003). "A fact is 'material' if it might affect the outcome of the suit under governing law." *Id.* The Court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether a genuine issue of fact exists for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505 (1986); *Bruno v. Toyotomi U.S.A., Inc.,* 203 F.R.D. 77 (N.D.N.Y. 2001).

In the instant matter, the Defendants are not entitled to either judgment on the pleadings or summary judgment because the Plaintiffs can prove facts in support of their claim which entitle them to relief and there are triable issues of fact regarding the validity of the search warrant issued, the reasonableness of the Defendant's conduct and qualified immunity that must be resolved at a plenary trial. Therefore, for this reason and the reasons stated herein, the Defendants' application should

be denied in its entirety.

## POINT II

### THE SEARCH WARRANT ISSUED HEREIN WAS INVALID

The Fourth Amendment of the Constitution of the United States provides that "the right of people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *U.S. Const. amend IV*. It is a fundamental principle that searches and seizures inside a home without a warrant are presumptively unreasonable. *Payton v. New York,* 445 U.S. 573, 586 (1979). "However, '[t]hough the Fourth Amendment speaks broadly of 'unreasonable searches and seizures,' the definition of 'reasonableness' turns, at least in part, on the more specific commands of the warrant clause.'" *Rincon v. The City of New York,* – F.Supp –, 2005 WL 646080, *3 (*citing United States v. United States District Court for the Eastern District of Michigan, Southern Division,* 407 U.S. 297, 315 (1972)).

"In order for a warrant to be valid, the Supreme Court has established three requirements. First, the warrant must be issued by a disinterested magistrate. Second, those seeking the warrant must demonstrate to the magistrate their probable cause to believe that the evidence sought will aid in particular apprehension or conviction for a particular offense. Finally, warrants must particularly describe the things to be seized as well as the place to be searched." *Rincon v. The City of New York,* – F.Supp –, 2005 WL 646080, *3 (*internal citations omitted)*.

"A search warrant issued by a neutral magistrate, upon a finding of probable cause, must be afforded great deference and creates a presumption that the officers executing the warrant acted in

an objectively reasonable fashion." *Lewis v. The City of Mount Vernon and Mount Vernon Police Department,* 984 F.Supp. 748, 754 (S.D.N.Y. 1997). "The Supreme Court has held that the validity of a warrant is not impaired if it is based on seemingly reliable information which is later found to be erroneous." *Id.* at 754. (*citing Illinois v. Rodriguez,* 497 U.S.177, 184, 110 S.Ct. 2793, 2799, 111 L.Ed.2d 148 (1990)). "Negligent or otherwise innocent misstatements or omissions in a warrant application do not invalidate the warrant so long as the incorrect or omitted information does not evidence a reckless or intentional disregard for the truth." *Id.* at 754.

Moreover, "in cases where a search warrant is required, the warrant must be issued by a neutral magistrate based on a finding of probable cause to believe the items sought will be found at the identified location." *Bolden v. Village of Monticello,* 344 F.Supp.2d 407, 414 (S.D.N.Y. 2004). "The issuance of a warrant by a neutral magistrate creates a presumption that it was objectively reasonable for the officers to believe there was probable cause to support the application." *Id.* at 414-415.

In *Lewis v. The City of Mount Vernon and Mount Vernon Police Department,* 984 F.Supp. 748, 754 (S.D.N.Y. 1997), the Mount Vernon police department was conducting a narcotics investigation involving an individual by the name of Charles Bowen. Police utilized information they received from *two* informants to determine the residence in which Bowen lived, in addition to the vehicle Bowen owned. Using the information gained from these informants, police established *surveillance* at Bowen's home and noted Bowen exiting the home and entering the car identified as Bowans by the informants. Based upon the foregoing, the Judge approved a "no-knock" warrant to search Bowen's home. However, the home was apprised of three units, with Bowen occupying one of those units. In the warrant application, police identified the premises as a house and did not

differentiate between the units. Although Bowen was not at home and no evidence was retrieved during the search, the Court found that the warrant was valid despite the fact that the home was mischaracterized as a home rather than a three unit dwelling, noting that a correct description of the home would not effect the Magistrate's probable cause determination. *Id.*

Moreover, in *Birthwright v. The City of New York,* – F.Supp.2d –, 2005 WL 2179072 (S.D.N.Y. 2005), a no-knock warrant was approved after police received information from a Confidential Informant who purchased marijuana from the subject premises on ***two occasions*** and observed marijuana within the premises on numerous occasions over an ***11 month period.***

In the instant matter, members of the Mount Vernon police department received information regarding drugs and guns at the Plaintiffs' residence from a Confidential Informant who was in custody on unrelated charges. Despite the fact that such wanted individual is undesirable to use as an informant as per the Administrative Guidelines of the Mount Vernon police, *(see, Lewis v. The City of Mount Vernon and Mount Vernon Police Department,* 984 F.Supp. 748, 754 (S.D.N.Y. 1997)), police relied on this information to determine an individual by the name of "J" must reside at the Plaintiffs' residence, notwithstanding the fact that the Confidential Informant had only been to the Plaintiffs' residence ***one time***. Unlike *Lewis, supra,* the police in the instant matter did not establish surveillance on the Plaintiffs' residence to determine if an individual matching the description of "J" provided by the Confidential Informant entered or exited the residence at any time. In addition, police did not even attempt to gain a description of "J"'s vehicle so as to see if such vehicle was ever parked at the Plaintiffs' home. Police did not allege in their warrant application that there had ever been complaints of drug activity at or around the Plaintiffs' residence. In fact, the warrant application contained no information regarding any attempt by the police to determine

if an individual by the name of "J" even lived at the Plaintiffs' residence. Rather, relying *solely* on the word of an unreliable Confidential Informant, members of the Mount Vernon police department secured a no-knock warrant, forcibly entered the residence, destroyed property, held children at gunpoint for hours and handcuffed the adult males in the residence for hours while they searched the premises. It is respectfully submitted the members of the Mount Vernon police department evidenced a reckless disregard for the truth as to whether there were in fact drugs in the Plaintiffs' residence. As such, it is respectfully submitted that the warrant issued herein lacked the requisite probable cause and should be deemed invalid by this Court.

### POINT III

**THE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY DUE TO THE FACT THAT THE SEARCH WARRANT ISSUED HEREIN WAS INVALID**

"A plaintiff claiming a warrant was issued without probable cause faces an extraordinary burden, requiring a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement that was necessary to the finding of probable cause. Qualified immunity is not available, however, to an officer who knew that he materially misled a magistrate about the basis for a finding of probable cause." *Bolden v. Village of Monticello,* 344 F.Supp.2d 407, 415 (S.D.N.Y. 2004). "Consequently, in order to defeat qualified immunity, plaintiffs must show that the affiant knowingly and intentionally, or with reckless disregard for the truth, made false statements in, or omitted material facts from, the affidavit, and that the false statements or material omissions were necessary to the finding of probable cause. The validity of the warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and to disclose, to the issuing Magistrate. Defendant officers should only

-10-

be deprived of immunity if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Lewis v. The City of Mount Vernon and Mount Vernon Police Department,* 984 F.Supp. 748, 754 (S.D.N.Y. 1997).

As outlined herein, members of the Mount Vernon police department evidenced a reckless disregard for the truth as to whether there were in fact drugs in the Plaintiffs' residence. As such, same should not be afforded qualified immunity.

"Qualified immunity entitles police officers to be shielded from liability for damages unless their conduct violates clearly established constitutional rights of which a reasonable person would have known, or unless it was objectively unreasonable for the to believe that their conduct did not violate those rights." *Lewis v. The City of Mount Vernon and Mount Vernon Police Department,* 984 F.Supp. 748, 753 (S.D.N.Y. 1997) (*internal citations omitted)*. "The requirement of a clearly established right means that the inquiry to ascertain whether qualified immunity is available differs from the inquiry into whether the Fourth Amendment may have been violated. Actions that violate the Fourth Amendment do not necessarily deprive police officers of the defense of qualified immunity." *Id.* at 754-755. (*citing Anderson v. Creighton,* 483 U.S. 635, 643, 107 S.Ct 3034, 3040-3041, 97 L.Ed.2d 523 (1987); *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986) (noting that qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law."). "To defeat the defense of qualified immunity, the right alleged to have been violated must be clearly established at a level of specificity such that a reasonable official would understand that what he is doing violates that right." *Id.* at 754.

Moreover, "[a] police officer is qualifiedly immune from suit if (1) his conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for the officer

to believe his conduct did not violate clearly established constitutional rights. *Bolden v. Village of Monticello,* 344 F.Supp.2d 407, 410 (S.D.N.Y. 2004). "An officer's actions will be found objectively unreasonable, and summary judgment will be denied, if no officer of reasonable competence could have made the same choice in similar circumstances." *Id.* at 410-411. "The Court must ascertain the 'objective reasonableness' of the officers' actions assessed in light of legal rules that were clearly established' at the time the action was taken." *Id.* at 411.

In the instant matter, officers of reasonable competence could disagree as to the legality of the Defendants' actions. Members of the Mount Vernon police department lacked the requisite probable cause to determine that drugs were in the Plaintiffs' residence. Officers relied merely on the words of an unreliable informant and did absolutely nothing to corroborate any information obtained by the informant. Clearly, such actions are not reasonable and, due to such, qualified immunity is unavailing to the Defendants herein.

## POINT IV

**THE DEFENDANTS ACTIONS CONSTITUTED UNREASONABLE AND EXCESSIVE FORCE IN VIOLATION OF THE PLAINTIFFS' CONSTITUTIONAL RIGHTS**

The rights to be free from unreasonable searches and the application of excessive force have long been clearly established. *See, U.S. Const. amend. IV*; *Payton v. New York,* 445 U.S.573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). "No search warrant shields a police officer from carrying out a search in an unreasonable manner or from employing excessive force during a search." *Bolden v. Village of Monticello,* 344 F.Supp.2d 407, 416 (S.D.N.Y. 2004). "Nor does it authorize the use of force in excess of what is reasonably necessary to secure the premises." *Id.* at 419. "It has long been established that police officers are entitled to use 'objectively reasonable' force to secure

premises during the execution of a warrant, to be analyzed from the perspective of a reasonable officer on the scene." *Id.* at 419. "The Supreme Court has set forth a list of factors to be considered in evaluating a claim of excessive force under the Fourth Amendment, including: the severity of the crime at issue; whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 419. (*citations omitted*). It is well settled that the use of force beyond what is reasonably necessary to prevent violence or the destruction of evidence violates the Fourth Amendment prohibition against unreasonable searches. *Id.*

In the instant matter, members of the Mount Vernon police department were informed that their Confidential Informant purchased thirty dollars worth of marijuana from an individual named "J" at the Plaintiffs' residence. The police department took no further action to determine if "J" even lived at the premises. Yet, the officers executed a "no-knock" warrant at 5:00 a.m, breaking down doors and detaining the individuals inside. As intended, the "no-knock" warrant surprised the Plaintiffs herein, who were literally dragged from their beds at gun point. Several children in the home were held at gun point for hours. Adult males were also handcuffed for hours. The officers stayed at the premises for three hours, searching every room and ransacking personal effects contained in dressers. Clearly, such activity was excessive and unreasonable as the Plaintiffs did not display any violence and did not attempt to hide any evidence. Within a short period, police should have determined that "J" was not within the home and that there were no drugs therein. However, it took police three hours to do so, while innocent individuals, including several children, sat still at gunpoint. Such conduct is both unreasonable and excessive in violation of the Plaintiffs' constitutional rights.

**POINT V**

**THE CITY OF MOUNT VERNON IS NOT ENTITLED TO SUMMARY JUDGMENT AND PLAINTIFFS' STATE LAW CLAIMS ARE VIABLE**

For the reasons outlined herein, it is respectfully submitted that the Defendants herein did in fact violate the constitutional rights of the Plaintiffs. As such, the Defendants' claims of governmental immunity and lack of liability on the part of the City of Mount Vernon are unavailing. *See, Monell v. Department of Social Services of New York,* 436 U.S.658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**CONCLUSION**

Indisputably, police are required to execute "no-knock" warrants to protect the health, welfare and safety of the population of large. However, before officers can break down a door, hold the residents inside at gunpoint, handcuff individuals and damage personal property, the officers must have probable cause that a crime is being committed and the evidence of such crime is positioned within the premises. It is unreasonable for the officers herein to rely on the word of one Confidential Informant, who by their own standards is undesirable, who allegedly went to the Plaintiffs' home one time to buy marijuana. Members of the Mount Vernon police department did nothing to corroborate this information. Rather, officers used this insufficient information to conclude that "J" must live at the Plaintiffs' residence, that "J" is selling drugs out of the premises and that a "no-knock" warrant was necessary to search the residence. Yet, the officers did not find anyone or anything illegal within the residence. Rather, officers found scared children and adults who were forced to expend Seven Thousand Five Hundred Dollars and/100 to secure their home after officers broke down the doors.

The Plaintiffs herein were held for three hours at gunpoint, while officers ransacked their home and belongings. Clearly, such conduct in not reasonable in light of the source of the information obtained by police, the lack of corroborating evidence sought by police and the excessiveness of the officers' conduct. As such, based upon the foregoing, it is respectfully requested that the Defendants' application seeking judgment on the pleadings and/or summary judgment be denied in its entirety.

        Respectfully Submitted,

        DELL & LITTLE, L.L.P.


        By: /s/ Jennifer J. Bock
           Jennifer J. Bock (JB-4442)